IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
July 20, 2005

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **MIKE BIGGS,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:04-CV-1920-R** |
| | § | |
| **BASS PRO OUTDOOR WORLD, LLC,** | § | |
| **INCREDIBLE TECHNOLOGIES, INC.,** | § | |
| **and PLAY MECHANIX, INC.,** | § | |
| | § | |
| ***Defendants.*** | § | |

**MEMORANDUM OPINION AND ORDER**

Before this Court are **Bass Pro Outdoor World, LLC's Motion to Transfer Venue** (filed March 25, 2005) and **Incredible Technologies, Inc. and Play Mechanix, Inc.'s Joint Motion to Transfer Venue** (filed May 17, 2005) (collectively, the "Motions to Transfer Venue"). For the reasons discussed below, Defendants' Motions to Transfer Venue are **DENIED**.

## I. BACKGROUND

Plaintiff Mike Biggs ("Biggs"), a wildlife photographer who operates his business from his home in Fort Worth, Texas, filed this copyright infringement action against Defendants Bass Pro Outdoor World, LLC ("Bass Pro"), Incredible Technologies, Inc. ("Incredible"), and Play Mechanix, Inc. ("Play"). Plaintiff claims the Defendants infringed upon his copyrights by copying, distributing, and displaying certain images of deer and turkey, images which Biggs allegedly authored and owned, for use in the video games "Big Buck Hunter," "Big Buck Hunter: Shooter's Challenge," and "Big Buck Hunter II: Sportsman's Paradise" (collectively, the "BBH Games").

Each Defendant's connection to the BBH Games is distinct. Defendant Bass Pro is a


Missouri limited liability company registered to do business in many states, including Texas. Bass Pro operates retail sporting good stores throughout the United States, including one in Grapevine, TX, in which Plaintiff alleges Bass Pro operates two coin operated BBH Games displaying the allegedly infringing images. Defendant Play is the software developer responsible for designing the BBH Games' software. Defendant Incredible is the company responsible for manufacturing, selling, and marketing the BBH Games around the United States, including in Texas. Both Play and Incredible are Illinois corporations and made motions to dismiss claiming that this Court lacked personal jurisdiction over them. This Court denied those motions finding it has specific jurisdiction under the stream of commerce theory. This Court has personal jurisdiction over all three of the Defendants.

The Defendants now move to have this case transferred to the Northern District of Illinois pursuant to 28 U.S.C. Section 1406(a) claiming venue is proper only in Illinois or, alternatively, pursuant to Section 1404(a) according to convenience analysis.

## II. ANALYSIS

The Defendants move to have this case transferred to the Northern District of Illinois pursuant to 28 U.S.C. Section 1406(a) claiming venue is proper only in Illinois or, alternatively, pursuant to Section 1404(a) according to convenience analysis.

### A. Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a)

Defendants argue venue is proper only in Illinois and that, therefore, this case must be transferred pursuant to §1406(a).[1] Defendants rest this argument on the language of 28 U.S.C. §

[1] 28 U.S.C. § 1406(a) reads, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

1391(b)(1) (2005).

In pertinent part, § 1391(b) reads, "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may...be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State..." 28 U.S.C. § 1391(b) (2005). In order to properly interpret this provision, § 1391(b) must be read in context with § 1391©. Under §1391©, for purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391© (2005). Accordingly, then, because a corporation "resides" wherever it is subject to personal jurisdiction, venue is proper in any district where all defendants in the given case are subject to personal jurisdiction. See *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 2001 U.S. Dist. LEXIS 3724 at *13, No. 3:00-cv-1516-X, 2001 WL 290569 (N.D. Tex. March 21, 2001) (holding no defendant "resided" in the district under § 1391(b)(1) because neither was subject to the court's personal jurisdiction); *People Solutions, Inc. v. People Solutions, Inc.*, 2000 U.S. Dist. LEXIS 10444 at *3-4, No. 3:99-cv-2339-L, 2000 WL 1030619 (N.D. Tex. July 25, 2000) (finding that to determine whether venue is proper under § 1391(b)(1) the court must examine whether it has personal jurisdiction over the defendant); See also Robert C. Casad, *Personal Jurisdiction in Federal Question Cases*, 70 Tex. L. Rev. 1589, 1612-13 (1992) (criticizing § 1391 for allowing venue against a corporate defendant to be proper where defendant is subject to personal jurisdiction and calling for more restrictive venue rules).

Because all three defendants are subject to this Court's personal jurisdiction, they are deemed

to reside in Texas for purposes of § 1391(b).[2] Accordingly, this district is a proper venue in which this case may have been brought. Therefore, Defendants argument that this case be transferred pursuant to § 1406(a) fails. This Court now considers Defendants alternative argument, that the case be transferred pursuant to § 1404(a).

**B. Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)**

In the alternative, Defendants seek transfer of the case to the Northern District of Illinois under § 1404. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2005). The party moving for change of venue bears the burden of proving that change of venue is warranted. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The proposed transferee forum must be a more convenient forum, not a forum likely to prove equally convenient or inconvenient as the transferor forum. *Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964). A court "should not transfer venue where the result will be merely to shift the expense and inconvenience from one party to the other." *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 (N.D. Tex. 1987). The decision to transfer a case is ultimately left to the discretion of the transferor court. See *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

In deciding whether to transfer, the Court is to consider the following factors: (1) the

---

[2]This Court recently addressed Motions to Dismiss filed by Defendants Incredible and Play. In that opinion (filed June 27, 2005), this Court determined that it had personal jurisdiction over both of these defendants under the stream of commerce theory of specific jurisdiction. As for Defendant Bass Pro, this Court's personal jurisdiction is clear–and undisputed by the parties. Bass Pro is registered to do business and in fact is doing business in Texas–including, but not limited to, the operation of its Grapevine store. This Court, having personal jurisdiction over all three defendants, finds this district is a proper venue under § 1391.

convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and, (8) the interests of justice in general. *Minka Lighting*, 2003 WL 21251684 at *2; *Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co*, 844 Supp. 1163, 1165 (S.D.Tex. 1994). Only if the balance of these factors weighs strongly in favor of the defendant should the plaintiff's choice of forum be disturbed. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506 (1947). Each of the factors is discussed in turn.

**1. The Convenience and Availability of the Parties and Witnesses**[3]

The first factor, the availability and convenience of witnesses and parties, is perhaps the most important factor in determining whether or not to transfer a case under § 1404(a). *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993). As for the parties, a transfer in venue would clearly shift the inconvenience and expense from Incredible and Play to Biggs, and thus is not sufficient to support a transfer. The impact upon the convenience and availability of the witnesses, however, may favor a transfer of venue.

Defendants specifically name and outline the anticipated testimony of eight key witnesses, all whom reside in Illinois. Of these eight witnesses, seven are employees of the Defendants. The eighth named witness, Dina Tabora, is a former Play employee who allegedly was responsible for the incorporation of any and all graphics, artwork and imaging into the video games that are the subject of the suit. Tabora was terminated from her employment with Play, and Defendants expect

---

[3]The Court will address the above listed Factors 1-4 together.

that she will be a hostile witness.[4]  Convenience analysis favors a forum in which the parties will be able to compel identified key witnesses to testify.  *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F.Supp. 2d 663, 669 (S.D. Tex. 1999).  Because compulsory service over Tabora would be available in Illinois but not in Texas, Ms. Tabora's role as a key witness seems to favor transfer.  However, Defendants represent that Ms. Tabora will likely be made a Third Party Defendant to the action.  It appears Defendants' interest in calling her to testify is most, if not solely, relevant to the matter of indemnity.

As for the Plaintiff, he lists himself as a witness as well as "persons with knowledge of the operation of, and revenue from, the video games Bass Pro operates in Grapevine."  Response to Incredible and Play' Motion to Transfer Venue at 6 (filed May 17, 2005 at Tab B).  Plaintiff does not specifically name such witnesses, but this Court assumes such witnesses would be employees or agents of Bass Pro and accordingly be considered party witnesses.

In considering the convenience and availability of the witnesses, while a transfer would greatly shift expense from one party to the other, this factor nonetheless seems to slightly favor a transfer of venue.  The testimony of Tabora and the parties' ability to subpoena her to testify is of concern.  She is the only mentioned non party witness, and the convenience of nonparty witnesses is accorded the greatest weight.  *Minka*, 2003 U.S. Dist. LEXIS 8862 at *7; *Travelers Indem. Co. of Am. v. Nat'l Union Fire Ins. Co.*, 2002 U.S. Dist. LEXIS 12877 at *7 (N.D. Tex. July 16, 2002); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994).  However, Defendants represent she is likely to become a Third Party Defendant.

---

[4]Moreover, because of an indemnity portion of her employment contract, Defendants expect that Tabora will become a Third Party Defendant in the case.

Moreover, while the convenience of non party witnesses is accorded the greatest weight, this it not to say the convenience of other witnesses is irrelevant. Plaintiff has named himself as well as other witnesses located in the Dallas area who would be inconvenienced by a transfer. At the same time, Defendants have specifically named eight witnesses, all who would be inconvenienced if the case is to remain in this district. In sum, because of the situation surrounding potential witness Tabora, this factor weighs slightly in favor of transfer.

**2. Access to Sources of Proof**

Many sources of proof, including computer databases, files, records, and documents related to the creation, design, manufacture and marketing and sale of the video games that are the subject of this lawsuit are located on Incredible and Play premises in Chicago. However, certain other critical sources of proof are located in Texas, such as Biggs' books and records. There has been no showing from either side as to why any of the evidence in one district cannot be easily transmitted to the other district. Accordingly, this Court finds this factor does not weigh in favor of transfer.

**3. Where the Events in Issue Took Place**

The next factor, the place of the alleged wrong, may support a change of venue. The creation and manufacture of the BBH Games occurred exclusively in Illinois. Defendant Bass Pro's connection to this copyright infringement lawsuit is that it operates two of the allegedly infringing video games in its Grapevine, TX outlet. As the allegedly infringing BBH Games exist all over this country, the crux of the wrongs committed in this case regard the design and manufacture of the games, which occurred only in Illinois.

Defendants cite case law suggesting that the preferred forum is the place where the infringing activity was centered. *Minka Ligting*, 2003 WL 21251684 at *1 (citing *S.C. Johnson & Son, Inc.*

*v. Gillette Company*, 571 F.Supp. 1185, 1187-88 (N.D. Ill. 1983)); see also, *Houston Trial Reports*, 85 F.Supp. 2d at 668 (S.D. Tex. 1999) (citing *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F.Supp 470 (N.D. Ill. 1992)); *Proshot Golf, Inc. v. Leading Edge Technologies, Inc.*, Civil No. 3:96-cv-1906-D, 1996 WL 673265 at *2 (N.D. Tex. Oct. 31, 1996). All of the referenced case law focuses on venue of patent infringement cases, as opposed to copyright infringement cases. Nonetheless, Defendants' argument is not without merit. Just as in those cases, here, the allegedly infringing products are marketed and sold nationwide such that the "center of gravity" of activity relating to the infringement suit is logically the place where the infringing party designed and manufactured the product. Accordingly, this factor weighs in favor of transfer.

**4. Interests of Justice**[5]

Biggs' choice of forum, normally entitled to substantial weight, is particularly significant because he is a resident of the chosen forum. *See Gulf Oil*, 330 U.S. at 508; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). Biggs is a solo photographer where as the Defendants are corporate entities. Biggs suggests that he may not be able to incur the expenses of traveling to Illinois to protect his copyrights and that a transfer may be fatal to his ability to obtain justice. Biggs contends that the added expenses may very well prevent him from being able to proceed with his case in the event it is transferred.

A few other interest of justice matters may be addressed. First, any docket congestion in Texas, juxtaposed against Biggs' choice of forum, loses significance. Second, Texas's interest in having controversies involving and affecting its citizens resolved in Texas, especially when its

---

[5]Many courts have described calendar congestion as an interest of justice factor. E.g., Accordingly, this Court will address the above listed factor of calendar congestion within the context of the interest of justice factor.

citizens may not otherwise be able to pursue their claims, is at least as important as Illinois' interest in having a controversy involving resident businesses resolved in Illinois.

Biggs' ability to bring his case is important to the interest of justice. After considering the "interest of justice" factors, this Court is not persuaded that the balance of the factors weighs strongly in favor of the Defendants. *See Gulf Oil*, 330 U.S. at 506. Accordingly, this Court finds Biggs' choice of forum should not be disturbed.

## III. CONCLUSION

For the reasons discussed above, Defendants' Motions to Transfer Venue to the Northern District of Illinois are **DENIED**.

**It is so ORDERED.**
**Signed: July 20, 2005.**

Jerry Buchmeyer

**JERRY BUCHMEYER**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**